IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN ANDREWS and <br> STACY MCELROY, <br><br> Plaintiffs, <br> v. <br><br> CITY OF GULF SHORES, <br><br> Defendant. | * <br> * <br> * <br> *  Civil Action No.: <br> * <br> *  JURY DEMAND <br> * <br> * <br> * |

## COMPLAINT

COME NOW, Plaintiffs Shawn Andrews and Stacy McElroy, by and through undersigned counsel, and submit this, their Complaint against the City of Gulf Shores, Alabama:

### I. NATURE OF ACTION

Plaintiffs bring this action to redress failure to pay for time worked in breach of their employment agreement and for overtime in violation of the Fair Labor Standards Act. Specifically, Plaintiffs Shawn Andrews and Stacy McElroy bring this action for injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*

### II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

2. Venue is proper in the Southern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(6) and (c).

### III. PARTIES

3. Plaintiff Shawn Andrews (hereinafter, "Andrews") is a male citizen of the United

States and a resident of Baldwin County, Alabama.

4. Plaintiff Stacy McElroy (hereinafter, "McElroy") is a male citizen of the United States and a resident of Baldwin County, Alabama.

5. Defendant, the City of Gulf Shores (hereinafter "Defendant"), is an entity subject to suit under the FLSA.

## IV. FACTS

6. Plaintiff Shawn Andrews is employed by the Defendant City of Gulf Shores. Plaintiff Stacy McElroy was employed by the Defendant City of Gulf Shores. Both of them have worked in the City's Police Department as police officers and were assigned to the Police Department's K-9 Unit as canine handlers.

7. Andrews worked as a canine handler in the Police Department's K-9 Unit from August 3, 2012 through August 1, 2025. During this time, Andrews was responsible for the care and maintenance of the dog assigned to him and provided this care and maintenance after his regular work hours. Care and maintenance included bathing and grooming the canine, administering the canine's medication, cleaning the canine's kennel, and feeding and exercising the canine.

8. Andrews's regular working hours consisted of 86 hours scheduled over two weeks.

9. Andrews received no overtime or additional compensation for caring for the dogs.

10. Defendant did provide incentive pay to Andrews and the other canine handlers in the amount of a five percent (5%) raise to base pay, starting in or about 2017. Andrews contends that this was not to provide for the care and maintenance of the dogs but instead was paid as an incentive bonus to canine handlers and other specific units within the Police Department.

11. The Department also paid Andrews $92.31 each two week pay period for the care and maintenance. Andrews contends this is insufficient for the time spent caring for the dog.

12. McElroy worked as a canine handler in the Police Department's K-9 Unit from May of 2017 through March of 2025. During this time, McElroy was responsible for the care and maintenance of the dog assigned to him and provided this care and maintenance after his regular work hours. Care and maintenance included bathing and grooming the canine, administering the canine's medication, cleaning the canine's kennel, and feeding and exercising the canine.

13. McElroy's regular working hours consisted of 80 hours scheduled over two weeks.

14. McElroy received no overtime or additional compensation for caring for the dogs.

15. Defendant did provide incentive pay to McElroy and the other canine handlers in the amount of a five percent (5%) raise to base pay, starting in or about 2017. McElroy contends that this was not to provide for the care and maintenance of the dogs but instead was paid as an incentive bonus to canine handlers and other specific units within the Police Department.

16. The Department also paid McElroy $92.31 each two week pay period for the care and maintenance. McElroy contends this is insufficient for the time spent caring for the dog.

17. Plaintiffs were on call 24 hours a day, seven days a week and had to have the dogs assigned to them ready to work on a moment's notice. For this reason, the dogs lived at each of the Plaintiffs' residences, and the Plaintiffs were responsible for their care and maintenance at all times.

18. Defendant required that all dogs assigned to the Plaintiffs stay in a secure kennel at the Plaintiffs' personal residences, and that Plaintiffs were responsible for the dogs at all

times. The dogs went home with the Plaintiffs and they housed and cared for the dogs at their personal residences.

19. On workdays, Plaintiffs began their days earlier than others because they had to feed and water the dogs and make sure that they were fit and ready to work that day. This was time for which Plaintiffs were not paid, though they were performing work-related duties.

20. After work on workdays, Plaintiffs took the dogs home with them where they again fed and watered them and made sure they were fit from the day's work. Again, this was time for which Plaintiffs were not paid though they were performing work-related duties.

21. Each day, Plaintiffs spent approximately sixty (60) minutes caring for the dogs in their care while they were off duty. Plaintiffs spent approximately fifteen (15) minutes exercising the dogs, approximately fifteen (15) minutes feeding the dogs and cleaning their food and water bowls, and approximately thirty (30) minutes spraying down and cleaning the dogs' kennels and play areas.

22. All of the off-duty time Plaintiffs spent caring for the dogs was necessarily and primarily for the benefit of Defendant. Plaintiffs were required to have the dogs prepared and ready to go to work at any moment 24 hours a day, seven days a week.

23. The off-duty time spent caring for the dogs was an integral and indispensable part of Plaintiffs' principal activities.

24. There was no agreement between Plaintiffs and Defendant as to the amount of compensable time Plaintiffs would receive for caring for the dogs while off duty.

25. Defendant did not limit or specify the amount of time Plaintiffs were to spend caring for the dogs while off duty, but Defendant expected Plaintiffs to appropriately care for the dogs every day and to have them fit and ready for duty. Defendant required Plaintiffs to receive

and provide training on caring for and maintaining the dogs for service, including while the dogs are at the Plaintiffs' homes.

26. Defendant violated the FLSA by failing to pay Plaintiffs an overtime rate of pay for work they performed in excess of forty (40) hours a week spent caring for the Defendant's service animals.

## V. CAUSE OF ACTION
### COUNT I: FAIR LABOR STANDARDS ACT

27. Plaintiffs re-aver and incorporate paragraphs 1-26 above as if fully set forth herein.

28. During, and for more than, the past two years, Defendant violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiffs to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

29. During, and for more than, the past two years, Defendant has violated the FLSA by permitting or requiring Plaintiffs to perform work in excess of forty (40) hours a week without paying them the proper overtime compensation for this time.

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the FLSA;

(b) Award damages from the City of Gulf Shores for Plaintiffs, including compensation for unrecorded overtime work plus interest, post-judgment interest,

and liquidated and exemplary damages, in an amount to be proven at trial;

(c) Award all costs of litigation, including expert fees and attorneys' fees and costs; and

(d) Award such other legal and equitable relief as the Court deems proper.

## VI. CAUSE OF ACTION
## COUNT II: BREACH OF CONTRACT

30. Plaintiffs re-aver and incorporate paragraphs 1-26 above as if fully set forth herein.

31. During, and for more than, the past two years, Defendant employed Plaintiffs in the City's Police Department as police officers assigned to the Police Department's K-9 Unit as canine handlers.

32. Plaintiffs worked for Defendant under an employment agreement that provided that Plaintiffs were to be paid for the work that they did for the Defendant.

33. Defendant breached this agreement by failing to pay Plaintiffs for time spent doing work for and on behalf of the City.

WHEREFORE, Plaintiffs respectfully pray that this Court assume jurisdiction of this action and after trial, issue a judgment in their favor and against Defendant for compensatory damages, interest and attorneys' fees, and for such other and further relief as the Court may deem proper.

**Plaintiffs Demand a Trial by Struck Jury.**

**Done this 3rd day of November, 2025.**

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)
ASB No.: 8947-O57L

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Counsel for Plaintiffs*

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

City of Gulf Shores
Attn: Tobi Waters, City Clerk
1905 W 1st Street
Gulf Shores, AL 36547
Phone: 251-968-1124
twaters@gulfshoresal.gov

**COURTESY COPY SENT TO COUNSEL OF RECORD AS FOLLOWS:**

Matthew McDonald, Esq.
T. Hart Benton III, Esq.
Jones Walker LLP
11 N Water St, Ste 1200
Mobile, AL 36602
mmcdonald@joneswalker.com
hbenton@joneswalker.com